LINKS: 6, 7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

### ORDER RE: MOTIONS TO REMAND AND DISMISS

## I.
## INTRODUCTION

Plaintiff Chris Silva brings this action against Defendants Fletcher Asset Management, LLC[1] ("FAM"), BRG Investments, LLC ("BRG"), and Alphonse "Buddy" Fletcher, Jr. ("Fletcher"), alleging that Defendants tortiously breached a financing arrangement he had arranged between them and Seven Arts Pictures, PLC ("Seven Arts"). (Docket No 1., Not., Ex. C [First Am. Compl. ("FAC")].) The matter is presently before the Court on Silva's motion to remand the action to Los Angeles County Superior Court, and Defendants' motion to dismiss Silva's first amended complaint. (Docket Nos. 6, 7.) These motions were previously before the Court, but the Court deferred ruling on either motion until subject matter jurisdiction could be established. (Docket No. 12, 05/17/12 Order.) The 05/17/12 Order granted Silva limited jurisdictional discovery because the Court did not have sufficient information to determine the citizenship of Defendants FAM and Fletcher. (05/17/12 Order at 7.)

For the reasons set forth below, the Court finds that Defendants' inadequate responses to Plaintiff's special interrogatories served in accordance with this Court's 05/17/12 Order were not made in good faith and are therefore deemed by the Court as an admission that full, complete and responsive answers to those interrogatories would have established that Fletcher is a

---

[1] FAM was erroneously sued as an LLC; it is in fact a corporation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

California citizen.  Accordingly, the Court **GRANTS** Plaintiff's motion to remand and **DISMISSES** Defendants' motion to dismiss as **MOOT**.

## II.
## BACKGROUND

The Court's 05/17/12 Order gave a full and detailed recitation of the facts and background of this case.  The Court will presume the parties' familiarity with that Order.

It is apparent from the 05/17/12 Order that the issue of citizenship, both for Defendants FAM and Fletcher, was close.  Regarding FAM, Defendants argued that it is a Delaware corporation with a principal place of business in New York.  (Not. ¶ 18.)  Plaintiff contended, however, that under the Supreme Court's "nerve center" test, FAM's principal place of business shifted to California.  (Docket No. 7, [Mot. to Remand ("P-Mem.")] at 7.)  Regarding Fletcher, Defendants allege that he is a citizen of Connecticut.  (Not. ¶ 11.)  Plaintiff argues that Fletcher is in fact legally a citizen of California.  (P-Mem. at 4-7.)

Both parties pointed to numerous factors in support of their respective positions.  The Court found that it could not rule on the record before it and accordingly permitted Plaintiff to engage in limited jurisdictional discovery.  (05/17/12 Order at 6.)  In reaction to the Court's Order, Plaintiff propounded one set of fifteen interrogatories, and had limited follow-up with Defendants.  (Docket 15, [Declaration of Michael A. Naso ("Naso Decl.")] ¶¶ 5-10.)  The responses are discussed below.

## III.
## DISCUSSION

### A. MOTION TO REMAND

In removing the action to this Court, Defendants assert that jurisdiction is properly laid under 18 U.S.C. § 1332(a)(1).  Silva now moves to remand the case to state court on the grounds that two of the Defendants, FAM and Fletcher, are, like Silva, citizens of California.

### 1. LEGAL STANDARDS GOVERNING MOTION TO REMAND

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action where the amount in controversy exceeds $75,000, and where the matter is between citizens of different states.  28 U.S.C. § 1441(a); see also 28 U.S.C. § 1332(a).  "It is well established that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 68 (2nd Cir. 1990) (citation omitted).  A person's state of citizenship is "determined by her state of domicile, not her state of residence." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." <u>Flatwire Solutions, LLC v. Sexton</u>, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)).  "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." <u>Id.</u> (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)).  "The party seeking removal bears the burden of establishing federal jurisdiction." <u>Id.</u> (citing <u>Prize Frize, Inc. v. Matrix, Inc.</u>, 167 F.3d 1261, 1265 (9th Cir. 1999).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." <u>Id.</u> (citation omitted).

## 2. CITIZENSHIP OF FLETCHER ASSET MANAGEMENT

In the 05/17/12 Order, the Court found the information before it insufficient to determine whether FAM, a Delaware corporation, had a principal place of business in New York, as Defendants alleged, or California, as Plaintiff argued.  (05/17/12 Order at 5.)  The crux of this issue was whether, under the Supreme Court's "nerve center" test, <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1192 (2010), FAM's CEO Fletcher had effectively shifted FAM's "nerve center" to California by working out of FAM's San Francisco office.

Plaintiff's jurisdictional discovery consisted of one set of fifteen special interrogatories. (Docket 15, Naso Decl., Ex. 1 [Special Interrogatories ("SI")].)  However, none of these interrogatories are tailored to gathering any information specific to FAM's "nerve center."  The Court plainly does not have the additional information it needs to determine FAM's citizenship.  However, because the Court bases its decision here on Fletcher's citizenship, the Court finds it unnecessary to reach a conclusion as to FAM's principal place of business.

## 3. CITIZENSHIP OF BUDDY FLETCHER

In the 05/17/12 Order, the Court found the information before it insufficient to determine whether Fletcher was legally a citizen of Connecticut, as Defendants alleged, or California, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

Plaintiff argues.  In opposition to remand, Defendants have cited a number of factors that they contend demonstrates an objective intent on the part of Fletcher and his family to move back to Connecticut and New York.  (Fletcher Decl. ¶¶25-31.)  Silva asserts that Fletcher is a citizen of California because he resides in San Francisco, and has resided there since 2008, and because he intends to maintain his residence in the State for an indefinite period of time.  (P-Mem. at 4-7.)

### a.  Legal Standards Governing Citizenship

The Ninth Circuit has made clear that, for purposes of federal diversity jurisdiction, "state citizenship is . . . determined by . . . state of domicile," and that "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter, 265 F.3d at 857.  In this case, neither party disputes that Fletcher "resides" in San Francisco; the dispositive question, then, is whether, legally speaking, he "intends to remain" there.  "[D]omicile includes a subjective as well as an objective component, although the subjective component may be established by objective factors."  Gaudin v. Remis, 379 F.3d 631, 647 (9th Cir. 2004).  These factors were laid out in Lew v. Moss, where the Ninth Circuit held that:

> [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

797 F.2d 747, 750 (9th Cir. 1986).

### b.  Limited Jurisdictional Discovery

The Court authorized limited jurisdictional discovery in its 05/17/12 Order to allow for a more focused determination on the basis of the aforementioned factors.  That discovery, however, yielded little.  All that was learned, in addition to what was detailed in the 05/17/12 Order, was that "Fletcher is currently on the board of the Exploratorium, a San Francisco science museum," and "is also a member of the Harvard Club of San Francisco . . . ."  (Naso Decl. ¶ 6).  Regardless of whether that is enough to tip the balance on Fletcher's citizenship, the Court finds that Defendants' inadequate responses to interrogatories that were served on the basis of a Court order were not made in good faith and that Defendants should be deemed to have admitted that Fletcher is a citizen of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

While Plaintiff could certainly have engaged in more exhaustive discovery, Defendants' response indicates that such an effort would have been futile. The interrogatories that were served were tailored to gather information pertinent to determining Fletcher's citizenship, and they warranted good faith responses. Defendants' answers were largely evasive and non-responsive. To eleven of the fifteen interrogatories, Defendants responded in part "Fletcher is willing to meet and confer with Silva to appropriately narrow and particularize the information sought by this interrogatory." (SI at 1-7.) Defendants refusal to answer, accompanied by an offer to negotiate, indicates not a spirit of cooperation but rather an intent to delay responding. For instance, interrogatory one asked:

How many weeks of each year have YOU spent in California from 2007 through the present year?

Defendants responded:

Fletcher objects to this interrogatory as vague, overbroad, and compound given that it requests detailed information about Fletcher's whereabouts over a period of five years. Fletcher has not maintained records or other documents that specifically track such information over that period of time as it is not generally relevant to any purpose outside of this litigation. Fletcher further objects to this interrogatory because is [sic] requests information that is subject to state common law, state constitutional law and federal rights of privacy.

(Id. at 1.) Although Defendants eventually produced redacted entries from Fletcher's personal calendar, (Docket No. 16, [Supplemental Opp. to Mot. to Remand ("Supp. Opp.")]), the foregoing response, replete with unmeritorious boilerplate objections, is illustrative of the Defendants' failure to respond in good faith to straightforward, relevant questions. Moreover, the response was erroneous – Fletcher maintained records in the form of a personal calendar, that reflected his whereabouts during the relevant time period.

As another example, interrogatory six seeks information regarding third parties with whom Fletcher or his wife discussed their plans to move back to Connecticut or New York. (SI at 3.) Defendants failed to answer and objected in part on the marital communications privilege. (Id.) This objection is beyond the pale on at least two grounds. First, it does not ask for communications between husband and wife, but rather their communications with third parties. Second, even if the communications involved both husband and wife, "[t]he presence of a third party negatives the presumption of privacy" in marital communications." Pereira v. United States, 347 U.S. 1, 6 (1954). Defendants also objected to the following phrases: "lived

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|----------|------------------------|------|------------------|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

continuously", "belong to", "social clubs or organizations, charitable organizations, or health clubs", "you go to", and "lived most of the year". (SI at 4-5.) Reasonable human beings who were attempting in good faith to communicate information would not be thrown by these phrases.

Lastly, Defendants objected to two interrogatories seeking information regarding Fletcher's use, and state of registration, of motor vehicles. Interrogatory eleven asks: "If YOU ever drive a motor vehicle in the State of California, how often do YOU drive in California?" (Id. at 5.) Defendants found this question irrelevant. (Id.) Interrogatory fifteen asks: "If YOU own any motor vehicles, please provide the make and model of the vehicle and the identity of the State in which the vehicle is registered." (Id. at 7.) Defendants referred Plaintiff to a declaration from April 30, 2012, and otherwise found the question irrelevant. (Id.) Defendants seem to have ignored that the Court, in its 05/17/12 Order, specifically noted that place of automobile registration is relevant. (see 05/17/12 Order at 6.) In any event, referring Plaintiff to an old declaration, as though nothing relevant had occurred in the interim is an insufficient response to this reasonable (indeed Court-mandated) inquiry.

The Court takes Defendants' responses to Plaintiff's interrogatories as an admission that Fletcher is in fact a citizen of California. The parties are, therefore, not diverse and the Court lacks subject matter jurisdiction over this case. Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

**4. ATTORNEY'S FEES**

A court that remands a case to state court based on improper removal "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

Plaintiff seeks $4,200 in attorney's fees and costs in conjunction with his motion to remand. The Court finds that the issue of domicile is sufficiently subtle and complex that in removing this action Defendants did not lack an objectively reasonable basis. Moreover, Plaintiff points to no "unusual circumstances" that would warrant a fee award in this case. Accordingly, Plaintiff's request for attorney's fees is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02427 GAF (JCx) | Date | October 17, 2012 |
|----------|------------------------|------|------------------|
| Title | Chris Silva v. Fletcher Asset Management, Inc. et al. | | |

**B. MOTION TO DISMISS**

Because the Court grants Plaintiff's motion to remand, Defendants' motion to dismiss is rendered **MOOT**.

**IV.**
**CONCLUSION**

The Court **GRANTS** Plaintiff's motion to remand.  This action is hereby remanded to Los Angeles County Superior Court.  Accordingly, Defendants' motion to dismiss is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**